**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY E. THORNTON,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

CASE NO. 2:16-cv-11717-MOB

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Mary Thornton's objections (Doc. 23) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 22). Thornton filed an action seeking judicial review of a final decision of the Defendant Commissioner of the Social Security Administration ("Commissioner") under 42 U.S.C. § 405(g). Each side filed a motion for summary judgment (Doc. 18, Doc. 19).

The matter was referred to Magistrate Judge David R. Grand, who found that substantial evidence supported the Administrative Law Judge's ("ALJ") and the Commissioner's decision to deny benefits. (Doc. 22). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's R&R; **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

**I.    BACKGROUND**

Thornton filed the present action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security

Act (the "Act"). Thornton asserts that the Commissioner's decision is not based upon substantial evidence. (Doc. 1).

The matter was referred to Magistrate Judge Grand for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Each side filed a motion for summary judgment (Doc. 18, Doc. 19). Magistrate Judge Grand found that the Commissioner applied the correct legal standards and made findings of fact that were supported by substantial evidence in the record, and recommended that the Commissioner's Motion for Summary Judgment be granted, Thornton's Motion for Summary Judgment be denied, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be affirmed. (Doc. 22).

## II.  STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

The Court must affirm the Commissioner's conclusions so long as the Commissioner applied the correct legal standards and made findings of fact that are

2

supported by substantial evidence in the record.  Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is evidence that a reasonable mind might accept as adequate evidence in support a conclusion.  Id.  This means that administrative findings

> are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.

Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted).  The Sixth Circuit has further explained, "[i]f supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence.  Linscomb v. Comm'r of Soc. Sec., 25 Fed.Appx. 264, 266 (6th Cir. 2001) (citations omitted).

### III.  ANALYSIS

Thornton raises two objections to the R&R.  First, Thornton contends that the Magistrate Judge erred in concluding that the ALJ properly found that Thornton's testimony was not fully credible because Thornton failed to comply with prescribed treatment.  Second, Thornton asserts that the Magistrate Judge erred in approving the ALJ's consideration of "other factors" in the ALJ's credibility determination.

With respect to the first objection, Thornton contends that, in concluding that Thornton's credibility was diminished by her failure to follow prescribed medical treatment, the ALJ erred by failing to consider medical records suggesting that "the reason[s] for noncompliance indicate a connection to Thornton's mental impairments."

3

(Doc. 23, p. 2). The Magistrate Judge acknowledged that certain records indicated that Thornton "did not take her medications because she either thought they would lower her blood pressure too much, the pharmacist allegedly told her not to take them, or she did not realize she was supposed to be taking a certain medication along with others," but also noted that many of the records indicated that Thornton "was failing to comply with her treatment regimen . . . as a result of something other than her mental impairment." (Doc. 22, p. 14). The use of "something other" in this context is clearly meant to connote that the records offer no explanation as to why Thornton failed to comply. The Magistrate Judge went on to conclude that "there is simply no indication from the record that [Thornton] was mentally unable to understand her treatment," and emphasized the ALJ's observation that "[a] psychiatric specialty examination showed that she had fair to good insight and judgment, and intact memory and attention/concentration (Tr. 516). She was generally able to measure her blood pressure at home without problem as long as the machine was working, she evidenced an understanding of a change in her medications, and she was able to perform activities such as driving and managing her finances." (Doc. 22, p. 14). Based on the above, the ALJ's determination was supported by substantial evidence.

With respect the second objection, Thornton asserts that the ALJ erred (i) by failing to consider medical records regarding medication side effects, (ii) by failing to consider certain limitations in Thornton's daily activities, and (iii) by failing to consider Thornton's "extremely solid work history." Each of these assertions relies on the faulty assumption that failure to expressly mention certain evidence demonstrates a failure to consider such evidence. While the ALJ may have emphasized the evidence that

4

detracted from Thornton's credibility, there is nothing to suggest that the ALJ failed to consider other evidence. It would be inefficient to require the ALJ to cite every piece of evidence offered by the parties. The ALJ's determinations "are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

### IV. CONCLUSION

For the reasons discussed above, the Court finds that substantial evidence supports the Commissioner's decision to deny benefits. Thus, Plaintiff's Motion for Summary Judgment (Doc. 18) is **DENIED**, Defendant's Motion for Summary Judgment (Doc. 19) is **GRANTED**, and the ALJ's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                           **/s/ Marianne O. Battani**
                                           MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 28, 2017.

                                           s/ Kay Doaks
                                           Case Manager